**UNITED STATE DISTRICT COURT**
**DISTRICT OF VERMONT**

---

ARNALDO GREGARIO ALAY AGUILAR

        Petitioner,

  -against-

DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES; PATRICIA HYDE, IN HER OFFICIAL CAPACITY AS ACTING BOSTON FIELD OFFICE DIRECTOR, IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS; DAVID W. JOHNSTON IN HIS OFFICIAL CAPACITY AS VERMONT SUB-OFFICE DIRECTOR OF IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS; TODD M. LYONS, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; RODNEY SCOTT, IN HIS OFFICIAL CAPACITY AS COMMISSIONER FOR U.S. CUSTOMS AND BORDER PROTECTIONS; KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY; MARCO RUBIO, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE; AND PAMELA BONDI, IN HER OFFICIAL CAPACITY AS U.S. ATTORNEY GENERAL; GREG HALE, SUPERINTENDENT, NORTHWEST STATE CORRECTIONAL FACILITY – SAINT ALBANS, VERMONT.

        Respondents.

Case No:

 2:26-cv-92

**EMERGENCY MOTION FOR TEMPOARY RESTRAINING ORDER**

---

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

### INTRODUCTION

Petitioner Arnaldo Gregario Alay Aguilar ("Mr. Alay Aguilar" or "Petitioner") has lived and resided in the United States for approximately two-and-a-half years. In November 2023, Mr. Alay Aguilar entered the United States without inspection after fleeing Ecuador to seek safety in this country. The Government has engaged in unlawful and unconstitutional conduct by arresting

1

Petitioner and by continuing to detain with him no notice as to the grounds for that detention and even though he poses no danger to the community and presents no risk of flight. Because the government has demonstrated a pattern and practice of removing detainees from Vermont, Petitioner moves for an immediate Temporary Restraining Order ("TRO") prohibiting the government from moving Petitioner out of this District pending further order of the Court. Even if the Court does not believe such an order is necessary on the grounds of preserving jurisdiction, Petitioner still moves for an immediate TRO ordering that the Government not move him out of this District based on the inherent equitable powers of this Court, and the breadth of the All-Writs Act. 28 U.S.C. § 1651.

Keeping Petitioner in this District will allow him to consult with his attorneys and allow him to appear in Court. Should the government transfer Mr. Alay Aguilar out of Vermont, he will be unable to access his attorney and continue working on his legal case. The requested TRO is consistent with both principles of judicial efficiency and the principles of any court entertaining a petition for writ of habeas corpus. 28 U.S. Code § 2243 ("Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained…" (emphasis added)). The requested TRO will not prejudice the government, and the Court should grant this request for the following reasons.

**FACTUAL BACKGROUND**

1. Petitioner, Mr. Arnaldo Gregario Alay Aguilar, a native and citizen of Ecuador, has been unlawfully detained by U.S. Immigration and Customs Enforcement ("ICE").

2. Mr. Alay Aguilar currently lives in North Carolina and works as a long-haul trucker for a company that performs contracts for other companies, such as Amazon. Mr. Alay Aguilar has work authorization and a Commercial Driver's License. He timely filed an asylum application

2

in October of 2024, and until he was apprehended and wrongfully detained on March 5, 2026, was preparing for an immigration court hearing scheduled for March 25, 2026, in the Charlotte Immigration Court.

3. Because of this upcoming hearing, Mr. Alay Aguilar decided to take some additional work to earn the extra money he needed to hire an immigration lawyer. This extra job brought him to Vermont to deliver a load of timber from Vermont to New York. On March 5, 2026, while using the truck's navigation system in attempting to make the delivery of logs, Mr. Alay Aguilar inadvertently approached the United States-Canada border crossing at Highgate, Vermont, where he was directed to cross the border and pull over, at which point he was arrested by U.S. Customs and Border Protection ("CBP"). Immigration and Customs Enforcement ("ICE") then arrested Petitioner and transported him to Northwest State Correctional Facility ("NWSCF"), where he remains.

4. At no point during his arrest or detention has the Government attempted to communicate to Mr. Alay Aguilar the grounds for his detention in a language he can understand.

5. The Government has failed to provide a clear or lawful basis justifying Mr. Alay Aguilar's continued detention, and indeed, Mr. Alay Aguilar has received no written notice, verbal notice, or charging documents as to the grounds for his detention.

6. Mr. Alay Aguilar is a 40-year-old individual with community ties in Charlotte, North Carolina, where he is a resident. He poses no danger to his community. He timely filed an application for asylum based on his political activities in Ecuador and has every intention and incentive to continue to comply with all procedures and laws that allow him to pursue his asylum claim. Accordingly, Mr. Alay Aguilar is not a flight risk.

7. The basis for Mr. Alay Aguilar's detention by ICE remains entirely unclear. Without prompt judicial intervention, there is a significant risk that Mr. Alay Aguilar will be transferred outside this jurisdiction or removed from the United States without due process.

8. In light of these facts, Petitioner respectfully submits that his continued detention is unlawful, and he respectfully requests this Court grant a Temporary Restraining Order to protect his statutory, constitutional, and regulatory rights.

## **ARGUMENT**

Mr. Alay Aguilar has been in the United States for two-and-a-half years and has no criminal record. He has complied with all procedural requirements since his initial apprehension at the southern border after fleeing Ecuador, and he fully intends to continue pursuing his timely-filed asylum claim. Despite this, he is currently being held indefinitely at the Northwest State Correctional Facility pursuant to the orders of Immigration and Customs Enforcement ("ICE"). ICE's detention of Mr. Alay Aguilar is unlawful because individuals may only be detained where there is a clear, individualized justification supported by statutory authority. ICE has offered no justification.

Under the Immigration and Nationality Act ("INA") and applicable constitutional protections, a person's detention must be reasonably related to a legitimate government interest, such as preventing flight or protecting the community from danger. However, an individual who poses neither a danger to the community nor a risk of flight cannot be lawfully subjected to indefinite detention. Mr. Alay Aguilar presents no danger to the community and cannot reasonably be considered a flight risk.

Moreover, the Supreme Court has held that prolonged immigration detention raises serious constitutional concerns. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Court determined that

4

detention without a realistic prospect of removal violates due process and must be justified by special circumstances.

At present, there is no final order of removal against Mr. Alay Aguilar, and Mr. Alay Aguilar has received no charging documents providing justification for his arrest and detention. Accordingly, the Government's continued detention of Mr. Alay Aguilar without a sufficient legal basis constitutes an arbitrary and unlawful deprivation of his constitutional rights.

This Court has recently issued orders prohibiting the transfer of petitioners in similar proceedings or ordering the government to transfer petitioners back to the District, citing the need for petitioners to consult with their attorneys, the need for petitioner to appear in court to provide testimony, the lack of prejudice to the government, and to promote judicial efficiency. *See e.g., Walizada v. Trump,* No. 2:25-cv-00768, 2025 WL 3551972 slip op. at *1 (D. Vt. Dec. 11, 2025); *Mahdawi v. Trump*, Case No. 2:25-cv-00389, Order Extending Temporary Restraining Order, p. 2-3, ECF No. 34 (D.Vt. Apr. 24, 2025); *see also Ozturk v. Trump*,___ F.Supp.3d ___, Case No. 2:25-cv-374, 2025 WL 1145250 (2025 D.Vt.)(citing the All Writs Act, 28 U.S.C. § 1651(a), empowering courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

Indeed, under the inherent equitable powers of the Court and the breadth of All Writs Act, the Court has the power and should exercise it in ordering the requested relief of prohibiting the government from transferring Petitioner out of state. Such relief is appropriate in the aid of the court's jurisdiction over this case. In addition, the administration is not prejudiced by a stay order— Petitioner will remain detained in a place certain within the District. Should this Court or Respondents need to produce Mr. Alay Aguilar to provide testimony or any other reason, it will be significantly less costly if he remains held within the District of Vermont.

Further, if Mr. Alay Aguilar is transferred out of the District, it is likely to cause delays in the proceedings due to lack of access to counsel as well as increase costs and time constraints at any necessary hearings. Mr. Alay Aguilar cannot be ensured a meaningful opportunity to have his claims heard, have meaningful access to counsel, or be provided meaningful relief if he is transferred out of this District.

Accordingly, Petitioner moves that this Court, to preserve its jurisdiction over the petition pursuant to the equitable powers of the Court and the All-Writs Act, 28 U.S.C. § 1651 (*see F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 603 (1966)), and immediately order that Mr. Alay Aguilar not be removed from the United States, or moved outside of the territory of the District of Vermont, pending further order of this Court.

As set forth in the Petition, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2241, Article I, §9, cl. 2 (the Suspension Clause), 28 U.S.C. § 2201 (Declaratory Judgement), the All-Writs Act, 28 U.S.C. § 1651. It is appropriate for the Court to preserve such jurisdiction by ordering that the Petitioner remain in this district pending further action by the Court.

Respectfully submitted,

Dated this 23rd day of March, 2026

/s/ Nathan Virag

_____

Nathan Virag, Esq.
AALV
20 Allen St., Burlington VT 05401
nvirag@aalv-vt.org
802-373-8055
Counsel for Petitioner

6